UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LEONEL NIEVES LALVAY (A# 221-492-551), | No.  1:26-cv-03927 DC SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that Petitioner, a citizen and national of Ecuador, entered the United States without inspection sometime around 2008.  ECF No. 1 at 5, ¶ 21; ECF No. 9-1 at 4.  He has no criminal record since entering the country and no final order of removal.  ECF No. 1 at 3, ¶¶ 2, 6; id. at 5, ¶ 23.  Immigration and Customs Enforcement (ICE) agents detained Petitioner in Elizabeth, New Jersey, on January 22, 2026, during a targeted enforcement operation, and later transferred him to the California City Immigration Processing Center, within this judicial district.  ECF No. 1 at 3, ¶ 7; ECF No. 9-1 at 4.  On May 6, 2026, an immigration judge denied Petitioner's request for custody redetermination for lack of jurisdiction

1

pursuant to Matter of Yajure Hurtado, 29 I. & N. 216 (BIA Sept. 5, 2025).  ECF No. 1 at 14-15.

Considering all of these factors and Respondents' admission that there are "no significant factual or legal issues in this case that materially distinguish it" from the Court's ruling in Maciel v. Noem, No. 1:26-CV-01318-DC-CKD (HC), 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), ECF No. 9 at 1, the undersigned finds that Petitioner is subject to § 1226(a), not § 1225(b)(2), and was statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a).  See also Osman v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-3641 DC AC, 2026 WL 1389891 (E.D. Cal. May 18, 2026) ("Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section.") (citing Maciel, 2026 WL 496948; Barajas Ortiz v. Chestnut, No. 1:26-cv-1167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); Zuniga Cruz v. Noem, No. 1:26-cv-1818 DC EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026)).

Accordingly, the undersigned recommends that the petition be granted on Count 3 (Violation of 8 U.S.C. § 1226(a)).  ECF No. 1 at 11, ¶¶ 57-61.  Because Respondents do not assert any alternative basis for Petitioner's detention, and do not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the undersigned finds that the appropriate relief is Petitioner's immediate release.  See Maciel, 2026 WL 496948, at *5; Osman, 2026 WL 1389891, at *1 ("[T]he proper remedy for Respondent's failure to provide Petitioner with a statutorily compliant bond hearing is Petitioner's immediate release") (citing Zuniga Cruz, 2026 WL 890471, at *4)).  In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.     Petitioner Jorge Leonel Nieves Lalvays' (A# 221-492-551) application for a writ of habeas corpus be granted on Count 3 (Violation of 8 U.S.C. § 1226(a)) as follows:

 a. Respondents shall IMMEDIATELY RELEASE Petitioner from custody. At the time of release, Respondents must return all of Petitioner's documents and

possessions.

    b.    Respondents may place Petitioner on standard conditions of supervision upon release; and

    c.    Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(c)(8).

2.    Respondents' motion to dismiss petition for writ of habeas corpus (ECF No. 9) be DENIED.

3.    Any order adopting these findings and recommendations include language that it does not address the circumstances in which respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

4.    Within three days of an order adopting these findings and recommendations, Respondents be required to file a notice of compliance confirming Petitioner's release.

5.    The Clerk of the Court be directed to serve a copy of any order adopting these findings and recommendations on the California City Immigration Processing Center.

6.    The Court of the Clerk be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

3

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE